**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SOGBEH DIAWARA and<br>MOHAMED DIAWARA, h/w<br>7614 Elmwood Avenue<br>Philadelphia, PA 19153<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA<br>c/o UNITED STATES POSTAL SERVICE<br>3190 South 70th Street<br>Room 201<br>Philadelphia, PA 19153<br>and<br>THE UNITED STATES OF AMERICA<br>c/o Office of Attorney General<br>Department of Justice<br>10th & Pennsylvania Avenue, NW<br>Washington, D.C. 20530<br>and<br>RODNEY VAUGHN CAMPBELL<br>2405 Golf Road<br>Philadelphia, Pennsylvania, 19131<br><br>Defendants. | : | CIVIL ACTION NO. |

**CIVIL ACTION COMPLAINT**

Plaintiffs, Sogbeh Diawara and Mohamed Diawara, h/w bring this Federal Tort Claims Act action pursuant to 28 U.S.C. Section 2671, et seq. and the laws of the United States of America. Plaintiffs seek damages from the Defendant for the negligent infliction of bodily harm.

**THE PARTIES**

1. Plaintiff, Sogbeh Diawara, is an adult individual, citizen and resident of the Commonwealth of Pennsylvania, residing at 7614 Elmwood Avenue, Philadelphia, Pennsylvania and is the spouse of Plaintiff, Mohamed Diawara.

2. Plaintiff, Mohamed Diawara, is an adult individual, citizen and resident of the Commonwealth of Pennsylvania, residing at 7614 Elmwood Avenue, Philadelphia, Pennsylvania and is the spouse of Plaintiff, Sogbeh Diawara.

3. The United States Postal Service (hereinafter referred to as "Defendant" and/or "USPS") was established as a federal agency of the Defendant, United States of America with a place of business and office for service at the above captioned address.

4. Defendant, United States Of America, (hereinafter referred to as "USA") is the Federal Government with an address for service at the above captioned address.

5. Defendant, Rodney Vaughn Campbell, is an adult individual and a citizen of the commonwealth of Pennsylvania residing at 2405 Golf Road, Philadelphia, Pennsylvania.

6. Defendant, Rodney Vaughn Campbell, is alleged and therefore averred to be, at all material times, an agent, servant, workman and/or employee of the United States Postal Service an agency of the United States of America, and was acting within the course and scop of his office and employment.

7. At all times material hereto, Defendant, USA, owned, possessed, managed and controlled a motor vehicle that was being operated by its agent, servant, workman and/or employee, Rodney Vaughn Campbell, who was engaged in Defendant, USA's, business and acting within the course and scope of his authority and/or employment.

## JURISDICTION AND VENUE

8. This Court has jurisdiction as to the claims herein are brought against the Defendant, United States, pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 et seq. and 28 U.S.C. §1346(b)(1), for money damages as compensation for personal injuries caused by the Defendant's negligence.

9. Venue is proper within this district under 28 U.S.C. §1402(b) as the acts complained of occurred in the Eastern District of Pennsylvania.

## NOTICE

10. Plaintiff hereby incorporates by reference the averments of paragraphs 1 through 9, inclusive, of this Complaint as though the same were fully set forth herein at length.

11. On or about October 29, 2020, Plaintiff timely filed an executed Standard Form 95 with the USPS, Tort Claims Coordinator, thereby timely making an administrative claim for damages and injuries consistent with the Federal Tort Claims Act, 28 U.S.C. §2675(a) et seq. A true and correct copy of the transmittal letter and form is attached hereto as Exhibit "A".

12. Defendant, United States, acknowledged receipt of the executed Standard Form 95, on January 4, 2021. A true and correct copy of the acknowledgment letter is attached hereto as Exhibit "B".

13. More than six months have passed since Defendant received the executed Standard Form 95 and no decision has been rendered by the Defendant, United States; accordingly, Plaintiff files this Complaint.

14. Plaintiff therefore asserts this Complaint is timely, pursuant to 28 U.S.C. §2401.

15. Plaintiff has therefore exhausted all necessary administrative remedies prior to bringing this action, thus vesting jurisdiction in this Court.

## COUNT I:
## SOGBEH DIAWARA VS. UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE and RODNEY VAUGHN CAMPBELL

16. Plaintiff hereby incorporates by reference the averments of paragraphs 1 through 15, inclusive, of this Complaint as though the same were fully set forth herein at length.

17. On or about June 11, 2020 at approximately 11:50 a.m. Plaintiff was operating a motor vehicle which was jointly, severally and/or individually owned by Mohamed Diawara, south on Providence Road near its intersection with Wilton Avenue in Upper Darby, Delaware County.

18. At the aforesaid date time and location, the Defendant, USA by and through its agent, servant, workman and/or employee Rodney Vaughn Campbell, negligently and improperly operated a vehicle that was operated by said agent or employee of said Defendants acting in the course and scope of his employment behind Plaintiff's vehicle striking Plaintiffs' vehicle in the rear causing Plaintiffs to sustain the injuries and losses enumerated herein.

19. At all times material hereto, each of the Defendants acted or failed to act by and through its agents, servants, workmen and/or employees.

20. As a direct and proximate result of the aforesaid accident, the Plaintiff, Sogbeh Diawara, sustained injuries resulting in a permanent loss of bodily function, and plaintiff has incurred medical expenses in excess of $5,000.00.

21. As a further result of the aforesaid accident, Plaintiff, Sogbeh Diawara, sustained serious and permanent bodily injuries including but not limited to injuries to her neck, left knee, left upper extremity, back, including but not limited to cervical radiculopathy, internal derangement of the left knee, lesion of the ulnar nerves in the left upper extremity, myofascitis lumbar disc bulge, multiple strains and sprains and multiple contusions together with other injuries to her bones, muscles, tendons, ligaments, nerves and nervous system.

22. As a further result of the aforesaid accident, plaintiff, has and may continue to suffer from great physical pain and suffering, mental pain and suffering, emotional upset and other non-economic losses.

23. As a further result of the aforesaid accident, plaintiff has and may continue to be prevented from engaging in her normal daily activities, routines, duties, chores, hobbies, occupations and professions for which she is entitled to recover.

24. As a further result of the aforesaid accident, plaintiff has and may continue to suffer from fear, frustration and anxiety.

25. As a further result of the aforesaid accident, plaintiff has and may continue to suffer from embarrassment, humiliation and degradation.

26. As a further result of the aforesaid accident, plaintiff has and may continue to suffer from a loss of the normal pleasures and enjoyment of life.

27. As a further result of the aforesaid accident, plaintiff may suffer from a loss of earnings and/or a depreciation of her earning capacity and power.

28. As a further result of the aforesaid accident, Plaintiff was required to seek out and obtain medical attention and care for the purposes of treating, diagnosing and otherwise curing her injuries, and, in regard thereto, incurred bills or became obligated to pay sums of money for such medical attention and care and, in the future, may be required to seek out additional medical attention and care and incur additional bills, or become obligated to pay additional sums of money for such additional medical attention and care for which she is entitled to recover.

29. The aforesaid accident and the injuries/damages sustained by Plaintiff were the direct and proximate result of the negligence and carelessness of the Defendants, USA and USPS, its agents, servants, workmen and/or employees, and were due in no part to any act or any failure to act on the part of Plaintiff.

30. The aforesaid negligence and carelessness of Defendants, USA and USPS, its agents, servants, workmen and/or employees, consisted of the following:

(a) In operating the vehicle at a high and dangerous speed under the circumstances;

(b) In failing to have said vehicle under proper and adequate control at the time;

(c) In continuing to operate the vehicle in a direction toward the vehicle ahead when Defendants saw or in the diligence should have seen that the further operation in that direction would result in a collision;

(d) In that Defendants were inattentive and failed to maintain a sharp lookout of the road and the surrounding traffic conditions;

(e) In failing to sound a horn or give other warning of the approach of their vehicles;

(f) In failing to maintain the vehicle in a proper mechanical condition;

(g) In failing to operate the brakes in such a manner so that the vehicles could be stopped in time to avoid the collision;

(h) In failing to observe the care and caution required under the circumstances;

(i) In failing to properly inspect the vehicle to determine any mechanical defects;

(j) In violating the various statutes and municipal ordinances pertaining to the operation of motor vehicles on public thoroughfares under the circumstances;

(k) In violating the assured clear distance rule;

(l) In failing to have reasonably sufficient traction devices on the wheels of the vehicle to permit the vehicle to stop in time;

(m) In that Defendants were not in a proper physical condition to drive the vehicle;

(n) In failing to maintain a reasonable lookout for the presence of other motor vehicles on the road;

(o) In failing to avoid hitting the vehicle ahead when Defendants saw or should have seen that the vehicle ahead was on the road in full view;

(p) In failing to drive around the vehicle ahead instead of colliding with it; and

(q) Failing to properly train its employees.

31. Defendants, USA and USPS and/or Rodney Vaughn Campbell, are directly liable to plaintiff for her injuries/damages or are vicariously liable pursuant to the doctrine of respondeat superior.

**WHEREFORE,** Plaintiff, Sogbeh Diawara, demands judgment in her favor and against Defendants jointly and/or severally and/or individually, in an amount not in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) together with interest, costs, reasonable counsel fees and such further relief as allowed under applicable.

<u>**COUNT II:**</u>
<u>**MOHAMED DIAWARA VS. UNITED STATES OF AMERICA and THE UNITED STATES POSTAL SERVICE and RODNEY VAUGHN CAMPBELL**</u>

32. Plaintiff, Mohamed Diawara, incorporates by reference paragraphs 1 through 31, as fully as though each were set forth herein at length.

33. As a result of the aforesaid negligence and carelessness of the Defendants, jointly, severally and/or individually, Plaintiff, Sogbeh Diawara, sustained other diverse losses and to incur expenditures for property damage to his great detriment and loss.

34. At all times relevant hereto, Plaintiff, Mohamed Diawara, was the spouse of Plaintiff, Sogbeh Diawara, and as her spouse, was entitled to the society, companionship, services and consortium of Plaintiff, Sogbeh Diawara.

35. As a direct and proximate result of the negligence and carelessness of the Defendant and the resultant injuries suffered by the Plaintiff, Sogbeh Diawara, Plaintiff, Mohamed Diawara, suffered a loss of the society, companionship, services and consortium of Plaintiff, Sogbeh Diawara.

**WHEREFORE,** Plaintiff, Mohamed Diawara, demands judgment in his favor and against Defendants jointly and/or severally and/or individually, in an amount not in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) together with interest, costs, reasonable counsel fees and such further relief as allowed under applicable.

**TABAKINWOLFE, LLP**

By: _____
RICHARD A. WOLFE, ESQUIRE
Attorney I.D. NO. 78944
1000 Germantown Pike, B-3
Plymouth Meeting, PA 19462
(215) 525-1616 – phone
(215) 525-5858 – facsimile
rich@twlegal.net

*Attorney for Plaintiffs,*
*Sogbeh Diawara and Mohamed Diawara, h/w*